**Vladimir DURKIN, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

No. 05–76662.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Dec. 26, 2007.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Gary G. Singh, Esq., Law Office of Gary G. Singh, Honolulu, HI, for Petitioner.

District Counsel, Office of the District Counsel Department of Homeland Security, Honolulu, HI, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Norah Ascoli Schwarz, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, TASHIMA, and M. SMITH, Circuit Judges.

## MEMORANDUM [**]

Vladimir Durkin, a native of the former Yugoslavia and a citizen of Croatia, petitions for review of an order of the Board of Immigration Appeals ("Board" or "BIA"), affirming an Immigration Judge's ("IJ") order of removal. The IJ had granted Durkin's application for withholding of removal, but, on appeal by the government, the BIA reversed and remanded for the IJ to enter a final order of removal. After the IJ ordered Durkin removed, the BIA affirmed without opinion. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

■ We disagree with Durkin's contention that the BIA violated 8 C.F.R. § 1003.1(d)(3) by failing to defer to the IJ's factual findings.[1] Rather than engaging in a de novo review of the facts, the Board examined the facts as found by the IJ, but it arrived at a different conclusion based on those facts.

■ The evidence presented by Durkin fails to establish that it is more likely than not that he will be persecuted on account of a statutorily protected ground if returned to Croatia. *See Fedunyak v. Gonzales,* 477 F.3d 1126, 1130 (9th Cir.2007) (stating that, to establish eligibility for withholding of removal, an applicant must establish "a clear probability of persecution," which requires proving that "it is 'more likely than not' that he will be persecuted on account of a statutorily protected ground") (quoting *Korablina v. INS,* 158 F.3d 1038, 1046 (9th Cir.1998)). The BIA's decision that Durkin failed to establish eligibility for withholding of removal accordingly must be upheld. *See Ornelas–Chavez v. Gonzales,* 458 F.3d 1052, 1055–56 (9th Cir.2006) (stating that the BIA's determination regarding withholding of removal must be upheld if supported by substantial evidence).

■ We reject Durkin's contention that the BIA erred by applying a more stringent standard for withholding of removal than 8 C.F.R. § 1208.16 provides. *See Canales–Vargas v. Gonzales,* 441 F.3d 739, 746 (9th Cir.2006) (interpreting the "clear probability" standard to mean "more likely than not," which "is more stringent than asylum's 'well-founded fear' standard because withholding of deportation is a mandatory form of relief").

■ Finally, the Board did not act *ultra vires* in ordering the IJ to enter a final order of removal. The Board's order remanding for the IJ to enter the order of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the factual and procedural background, we do not repeat it here, except as necessary to aid in understanding this disposition.

removal was in keeping with this court's precedent at the time. *See Molina–Camacho v. Ashcroft,* 393 F.3d 937 (9th Cir. 2004), *overruled by Lolong v. Gonzales,* 484 F.3d 1173 (9th Cir.2007) (en banc). Under *Lolong,* when the BIA reverses an IJ's grant of relief, this merely reinstates the order of removal that has already been entered by the IJ. *Lolong,* 484 F.3d at 1177. *Lolong* did not, however, limit the Board's power to remand to the IJ to enter the order of removal. The Board accordingly did not act *ultra vires* in doing so.

**PETITION FOR REVIEW DENIED.**